**In re Charles H. WAYRYNEN, Debtor.**

**No. 05–32144–BKC–SHF.**

United States Bankruptcy Court,
S.D. Florida.

Oct. 14, 2005.

Jon L. Martin, Esq., Stuart, FL, for debtor.

Michael R. Bakst, West Palm Beach, FL, Chapter 7 Trustee.

### ORDER OVERRULING OBJECTION TO CLAIMED EXEMPTIONS

STEVEN H. FRIEDMAN, Bankruptcy Judge.

THIS CAUSE came on to be heard on July 25, 2005 upon the Objection to Claimed Exemptions (C.P. 10), filed by Michael R. Bakst, chapter 7 trustee ("Trustee"). The Trustee asserts that, pursuant to 11 U.S.C. §§ 522(b)(2) and (p)(1), the homestead exemption available to Charles H. Wayrynen ("Debtor"), a Florida resident, is limited to $125,000 in equity, since he purchased his home within 1215 days of the commencement of this case. Based upon this Court's interpretation of the new provisions implemented with the enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, the Court determines that the Debtor is entitled to exempt the full value of his home.

### JURISDICTION

This Court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 157 and 1334(b). This is a core proceeding as to which the Court is authorized to hear and determine all matters regarding this case in accordance with 28 U.S.C. § 157(b)(2)(B).

### PROCEDURAL BACKGROUND

This case was commenced on April 29, 2005, with the Debtor's filing of his voluntary chapter 7 petition. Pursuant to 11 U.S.C. § 341, the Trustee conducted the Meeting of Creditors on June 1, 2005 (C.P. 3). Thereafter, the Trustee filed his Objection to Claimed Exemptions (C.P. 10), in accordance with Bankruptcy Rule 4003(b). In his Objection to Claimed Exemptions, the Trustee asserts that pursuant to 11 U.S.C. § 522(p), the Debtor is limited to $125,000 as the amount of the homestead exemption which he may claim. The Trustee's objection is premised upon the following indicia:

• The Debtor purchased his current residence, located at 592 NW San Remo, Port St. Lucie, Florida in March, 2005.

• Since the home was acquired within 1215 days of the April 29, 2005 commencement of this case, § 522(p) limits the extent of the homestead's exempt value to $125,000.00.

• Although § 522(p)(2)(B) provides that the $125,000.00 exemption does not include any interest transferred from a debtor's previous principal residence which was acquired prior to the beginning of the 1215-day period, if the previous and current residences are located within the same state, this provision does not benefit the Debtor. His previous residence, located at 8233 SE Double Tree Drive, Hobe Sound, Florida, was acquired on September 6, 2002, and was sold on March 14, 2005. Since the Debtor's interest in the Double Tree property was acquired within 1215 days preceding the filing of his case, the $125,000.00 exemption limitation applies.

● Based upon the foregoing, the Debtor must account to the bankruptcy trustee for $25,000, representing the value of the Debtor's present home, listed at $150,000 in Schedule A of the Debtor's bankruptcy schedules, less the $125,000 homestead exemption to which the Debtor is entitled.

The Debtor, in his Response to Trustee's Objection to Claimed Exemptions (C.P. 12), asserts that he is entitled to a homestead exemption for the full measure of the equity in his home, as provided under Article X, Section 4 of the Florida Constitution. The Debtor further asserts that since he made no election pursuant to 11 U.S.C. § 522(p)(1) to invoke the exemption provisions delineated under the Federal scheme of exemptions as set forth in § 522(b)(2), or under the exemption provisions provided under Florida law[1] pursuant to § 522(b)(3), the $125,000 limitation does not apply. Accordingly, the Debtor contends that he is entitled to exempt all of the equity in his home. The Debtor further asserts that even if this Court was to determine that the $125,000 limitation on a debtor's residence is applicable, he nonetheless would be entitled to exempt the full value of his home as a result of the exclusion provided under § 522(p)(2)(B), as the equity in the Debtor's present home derives from the sale of his previous home within the State of Florida which he had acquired more than 1215 days prior to his bankruptcy filing.

### ANALYSIS

#### Determination of Applicable Exemption Provisions

Pursuant to 11 U.S.C. § 522(b)(1), "...an individual debtor may exempt from

property of the estate the property listed in either paragraph 2 (sic.) or, in the alternative, paragraph (3) of this subsection." Under § 522(b)(2), a debtor may exempt "[p]roperty listed in this paragraph...that is specified under subsection (d), unless the State law that is applicable to the debtor under paragraph (3)(A) specifically does not so authorize." Pursuant to § 522(b)(2), a debtor is entitled to exempt various categories of real and personal property, subject to the dollar value limitations delineated therein. *See*, 11 U.S.C. § 522(d). However, a debtor, rather than exempting the property delineated under § 522(d), ostensibly may select property listed under 11 U.S.C. § 522(b)(3). Such property would consist of (1) property exempt under Federal law, other than the categories of property specifically delineated under § 522(d); and (2) property exempt under state law, if the state in which the debtor resides has chosen to limit the exemptions available for its residents to those available under state law. Virtually all states, including Florida, have chosen to "opt out" of the Federal scheme of exemptions as manifest by Florida Statutes § 222.20.

#### Override of Florida Exemptions by Bankruptcy Abuse Prevention and Consumer Protection Act of 2005

The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("Reform Act"), was enacted on April 20, 2005. Pursuant to § 1501 of the Reform Act, virtually all of its provisions become effective on October 17, 2005. However, § 1501(b)(2) of the Reform Act provides that §§ 308, 322, and 330 of the Reform Act were to

---

1. Pursuant to Article X, Section 4, Florida Constitution, a debtor residing in the State of Florida may claim a homestead exemption of an unlimited value, subject to a size limitation of 160 acres if located outside of a municipality, or to the extent of one-half acre if located within a municipality.

become effective on the date of enactment. Sections 308 and 322 of the Reform Act are implicated in the instant controversy, as with their enactment, Congress has limited the extent of the homestead exemption which may be claimed by a debtor under certain circumstances. Section 322 of the Reform Act, codified as 11 U.S.C. § 522(p)(1), provides:

Except as provided in paragraph (2) of this subsection and sections 544 and 548, as a result of electing under subsection (b)(3)(A) to exempt property under State or local law, a debtor may not exempt any amount of interest that was acquired by the debtor during the 1215-day period preceding the date of the filing of the petition that exceeds in the aggregate $125,000 in value in—

(A) real or personal property that the debtor or a dependent of the debtor uses as a residence;

(B) a cooperative that owns property that the debtor or a dependent of the debtor uses as a residence;

(C) a burial plot for the debtor or a dependent of the debtor; or

(D) real or personal property that the debtor or dependent of the debtor claims as a homestead.

*"Effective Election" of State Exemptions by Florida Debtors*

 The revisions to 11 U.S.C. § 522 contain an incongruity, the effect of which, if certain of its provisions are strictly construed, would render application of this provision inconsequential. Section 522(b)(1) states that an individual debtor "...**may exempt** from property of the estate..." (emphasis added) certain property. Section 522(p)(1) provides that, "...**as a result of electing** under subsection (b)(3)(A) to exempt property under State or local law..." (emphasis added), a debtor may not exempt any amount of interest

in real or personal property used as a residence which exceeds $125,000 in value, if the property interest was acquired within 1215 days of the petition date. As noted above, a Florida resident generally is entitled to an unlimited homestead exemption. If this Court were to construe the language of § 522(p)(1) literally, the $125,000 limitation as to the value of a home acquired by a debtor within 1215 days of the debtor's bankruptcy filing would be rendered inconsequential. More specifically, since the $125,000 limitation delineated in § 522(p)(1) is applicable only "...**as a result of electing**..." (emphasis added) to claim state law exemptions, and since a Florida resident is not entitled to claim Federal exemptions, it could be construed that, at least as to Florida residents filing for bankruptcy relief, the limitations provided in § 522(p)(1) do not apply. "We will only look beyond the plain language of a statute at extrinsic materials to determine the congressional intent if: (1) the statute's language is ambiguous; (2) applying it according to its plain meaning would lead to an absurd result; or (3) there is clear evidence of contrary legislative intent." *In re International Administrative Services, Inc.*, 408 F.3d 689, 707 (11th Cir. 2005), *citing United States v. DBB, Inc.*, 180 F.3d 1277, 1281 (11th Cir.1999). To exclude Florida residents from the limitations provided in § 522(p)(1) would be contrary to the intention of the Reform Act's drafters.

The Bill also restricts the so-called "mansion loophole." Under current bankruptcy law, debtors living in certain states can shield from their creditors virtually all of the equity in their homes. In light of this, some debtors actually relocate to these states just to take advantage of their "mansion loophole" laws.

H.R. REP. NO. 109–31, pt. 1, at 15–16, U.S.Code Cong. & Admin.News 2005, pp. 88, 102 (2005).

Since Congress clearly intended for the exemption limitations provided under § 522(p)(1) to apply to **all** debtors, the only plausible reconciliation of the afore-referenced provisions contained in § 522 is that a Florida resident who files for bankruptcy protection, by virtue of **(1)** having chosen to reside in the State of Florida; **(2)** having chosen to purchase a residence in the State of Florida; **(3)** having chosen to make the residence his/her permanent residence; and **(4)** having availed himself/herself of the relief available under Title 11, United States Code; thereby elects to invoke the exemption provisions available under Florida law. *Contra In re McNabb*, 326 B.R. 785 (Bankr.D.Ariz.2005) (holding that the Bankruptcy Code's $125,000 homestead cap, as added by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, applies only in non-"opt out" states).

■ It is well-established that, "when the statute's language is plain, the sole function of the courts—at least where the disposition required by the text is not absurd—is to enforce it according to its terms." *Hartford Underwriters Ins. Co. v. Union Planters Bank, N. A.*, 530 U.S. 1, 6, 120 S.Ct. 1942, 147 L.Ed.2d 1 (2000) (quoting *United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 241, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989) (in turn quoting *Caminetti v. United States*, 242 U.S. 470, 485, 37 S.Ct. 192, 61 L.Ed. 442 (1917))). This is because by strictly interpreting the provisions contained in § 522, that which § 522(b)(1) "giveth", § 522(p)(1), combined with § 522(b)(2) and Florida Statutes § 222.20, "taketh away". Since pursuant to Florida Statutes § 222.20, Florida has "opted out" with regard to the Federal exemptions provided under § 522(d), the only property exemptions available to Florida residents who file for bankruptcy protection are as to those property interests delineated under § 522(b)(3)(A), consisting of **(1)** property that is exempt under Federal law **other than** the specifically delineated categories of property which otherwise would be exempt under § 522(d), and **(2)** property that is exempt under state or local law. The recently enacted provision limiting the dollar value of a residence which may be claimed as exempt to $125,000 becomes effective only as a result of electing to exempt property under state or local law, pursuant to § 522(p)(1). Since a Florida debtor does not have the option of "**electing**", the referenced limitation upon the extent to which a debtor may exempt property would not be applicable. As such, Florida residents would be "limited" under the Reform Act to precisely the same degree as they were prior to the enactment of the Reform Act.

### *Relief Afforded Under 11 U.S.C. § 522(p)(2)(B) is not Limited Solely to Previous Principal Residence Acquired Prior to Beginning of 1215–Day Period*

■ The Trustee submits that, since the Debtor purchased his present residence (592 NW San Remo, Port St. Lucie, Florida) on March 16, 2005 and within 1215 days of his April 29, 2005 bankruptcy filing, the extent to which he may claim an exemption in his residence is limited to $125,000, pursuant to § 522(p)(1)(A). The Debtor, however, contends that § 522(p)(2)(B) provides him with a "safe harbor" to the extent that the value of his present residence is attributable to his accrual of equity through his ownership of previous residences located within the State of Florida. Section 522(p)(2)(B) provides:

For purposes of paragraph (1), any amount of such interest does not include any interest transferred from a debtor's previous principal residence (which was acquired prior to the beginning of such 1215–day period) into the debtor's current principal residence, if the debtor's previous and current residences are located in the same State.

At the hearing conducted upon the Trustee's Objection to Claimed Exemptions, the Trustee and the Debtor stipulated to the accuracy of a table, contained within the Debtor's Response to Trustee's Objection to Claimed Exemptions, reflecting ownership by the Debtor of previous residences located within the State of Florida within the 1215–day period immediately preceding the commencement of this case (C.P. 12—pg.4). The referenced table, supplemented by the Court with the street addresses and sales prices for the respective properties, is set forth below:

| PROPERTY | DATE PURCHASED/ PRICE | NUMBER OF DAYS PRE–PETITION PROPERTY WAS PURCHASED | DATE SOLD/PRICE | NUMBER OF DAYS PRE–PETITION PROPERTY WAS SOLD |
|---|---|---|---|---|
| 592 NW San Remo Port St. Lucie, Florida | 03/16/05—$146,000 | 44 days | Not Applicable | Not Applicable |
| 8233 SE Double Tree Hobe Sound, Florida | 09/06/02—$174,800 | 966 days | 03/14/05—$271,500 | 46 days |
| 421 North O Street Lake Worth, Florida | 05/19/89—$99,500 [Based upon Clerk of Court's entry reflected upon face of Warranty Deed] | 5,824 days | 08/20/02—$250,000 | 983 days |

The Trustee contends that, since the Debtor purchased his current residence within the 1215–day period preceding the date of the filing of his petition, and since the value of the residence, listed at $150,000, exceeds the $125,000 exemption for a residence, the differential of $25,000 represents non-exempt property. However, such an analysis misconstrues § 522(p)(2)(B). The statute is clear that the limitation contained therein applies to that portion of the value of a debtor's residence, acquired **within** 1215 days of the petition date, which **exceeds** $125,000. In addition, however, the extent of the limitation is determined **only after deducting** from the value of a debtor's current residence that portion of the property's value attributable to the debtor's ownership of a previous residence, provided that the previous residence is located within the same state as the current residence and was acquired in excess of 1215 days before the petition date. As reflected above, the equity possessed by the Debtor in his current residence represents "… interest transferred from a debtor's previous principal residence (which was acquired prior to the beginning of such 1215–day period) into the debtor's current principal residence …". Specifically, the equity which the Debtor possesses in his present residence is attributable to his purchase of the property located at 421 North O Street in Lake Worth, Florida, on May 19, 1989 for $99,500. This property was purchased 5,824 days prior to the petition date, and with the subsequent sale of the property on August 20, 2002 for $250,000, the "interest" transferred from the Debtor's pre-

vious principal residence (the Lake Worth property) into his current residence amounts to $150,500. Since the amount of the "interest" transferred from the Debtor's previous principal residence ($150,500), which is *excluded* in calculating the "interest" of the Debtor subject to being exempted, actually exceeds the value of the Debtor's present principal residence ($125,000), there is no portion of the value of the Debtor's present principal residence which constitutes non-exempt property.

The Trustee argues that, since the Debtor's "previous principal residence" was acquired by the Debtor on September 6, 2002 (the Double Tree property), and within the 1215–day delineated under § 522(p)(1), the Debtor may not avail himself of the protection afforded under § 522(p)(2)(B), as the Lake Worth residence was not the Debtor's "**previous principal residence**". The Court finds the Trustee's construction of the limitation contained in § 522(p)(2)(B) to be too narrow. The gravamen of § 522(p)(1) is to limit the ability of individuals desiring to take advantage of the lenient exemption provisions of "debtor-friendly" states by relocating to such states. H.R. REP. NO. 190–31, pt. 1, at 102 (2005). To the contrary, the "safe harbor" language of § 522(p)(2)(B) would appear to have been intended to afford protection to individuals like the Debtor who, rather than seeking to take advantage of Florida's exemption provisions to shelter illicitly– or improperly-obtained funds, simply have benefitted as a result of their ownership of Florida real property and the general appreciation of property values attributable to previous intra-state transactions. Accordingly, the Trustee's Objection to Claimed Exemptions is **overruled**, and the Debtor's home located at 592 NW San Remo, in Port St. Lucie, Florida **is exempt in its entirety**.